**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4088**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOHN LANIER BRITT,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Chief District Judge. (3:14-cr-00069-TLW-1)

———————

Submitted: February 10, 2016        Decided: April 5, 2016

———————

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Jimmie Ewing, William E. Day, II, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Lanier Britt appeals the 100-month sentence imposed by the district court after he pled guilty to conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). Britt's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but raising potential issues regarding the denial of Britt's request for a downward departure or variance. Britt has filed a pro se supplemental brief arguing that the district court erred in calculating his drug quantity, and that appellate counsel was ineffective for stating that the denial of his variance request is not a meritorious issue. We directed supplemental briefing on the issue of whether the district court plainly erred by enhancing Britt's sentence based on his possession of a dangerous weapon. We affirm.

The sentence enhancement for possession of a dangerous weapon applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.11(A). "In assessing whether a defendant possessed a firearm in connection with relevant drug activity, a sentencing court is entitled to consider several pertinent factors," including "the type of firearm involved," "the location or proximity of a seized

2

firearm," and "the settled connection between firearms and drug activities." United States v. Manigan, 592 F.3d 621, 629 (4th Cir. 2010). "For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet." USSG § 2D1.1 cmt. n.11(A); see Manigan, 592 F.3d at 629 (noting that "a drug trafficker is much more likely to utilize a handgun — as opposed to a rifle or long gun — due to size and concealability").

The defendant bears the burden of "show[ing] that a connection between his possession of a firearm and his narcotic offense is 'clearly improbable.'" United States v. Slade, 631 F.3d 185, 189 (4th Cir. 2011); cf. United States v. Gomez-Jimenez, 750 F.3d 370, 380 (4th Cir.) (affirming application of § 2D1.1(b)(1) enhancement where "[u]ndisputed portions of the PSR g[a]ve every reason to believe that the weapons" seized from coconspirator's bedroom in shared residence "were connected to the conspiracy"), cert. denied, 135 S. Ct. 305, 384 (2014). Because Britt did not challenge the application of the weapon enhancement at sentencing, we review for plain error. United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (discussing plain error standard).

The type of weapon — a shotgun rather than a handgun — is not dispositive in this case, as Britt dealt drugs from his

home, and thus did not need to covertly carry the firearm on his person to protect the drugs and drug proceeds. While the fact that the shotgun was in Britt's father's bedroom rather than Britt's bedroom weighs against the enhancement, the fact that it was loaded with two different types of shot and the lack of evidence that Britt or his elderly father used it for hunting support the connection to Britt's drug activity.

Moreover, the PSR revealed additional bases for the enhancement. See United States v. Basham, 789 F.3d 358, 379 (4th Cir.) ("[W]e are, of course, entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court." (internal quotation marks omitted)), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Oct. 16, 2015) (No. 15-6560). The PSR indicated that one of the purchasers of Britt's drugs reported that Britt had a firearm, and ammunition for firearms other than the shotgun was found throughout Britt's house. Furthermore, the PSR expressly linked a machete to Britt's drug trafficking activities, and the machete itself is sufficient to support the enhancement. See USSG § 1B1.1 cmt. n.1(D) (defining "dangerous weapon" to include any "instrument capable of inflicting death or serious bodily injury"); USSG § 2D1.1 cmt. n.11(A) (incorporating this definition). Accordingly, we conclude that the district court did not err, plainly or otherwise, in applying this enhancement.

4

In his pro se supplemental brief, Britt argues that the district court erred in calculating his drug quantity because there was no direct evidence that he had sold the pills that were missing from the prescription bottles seized from his home. We find that the district court did not err in inferring that Britt sold the missing pills. See United States v. Leventine, 277 F.3d 454, 468 (4th Cir. 2002) (affirming enhancement based on circumstantial evidence).

Finally, counsel questions whether the district court erroneously denied Britt's request for a downward variance or departure, and Britt argues that appellate counsel was ineffective for filing an Anders brief on this issue. We lack authority to review the district court's denial of a departure, and find that Britt has not overcome the presumption that the district court's decision to deny his variance request and impose a within-Guidelines sentence was reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

Accordingly, we conclude that there is no procedural or substantive error in Britt's sentence of 100 months' imprisonment. See Gall v. United States, 552 U.S. 38, 51 (2007) (discussing review of sentences). To the extent Britt argues that appellate counsel was ineffective, we conclude that he has not made the requisite showing to assert an ineffective

5

assistance claim on direct appeal and that this claim should be raised, if at all, in a motion under 28 U.S.C. § 2255 (2012). United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) ("Ineffective assistance claims are generally not cognizable on direct appeal . . . unless it conclusively appears from the record that defense counsel did not provide effective representation." (internal quotation marks omitted)).

In accordance with Anders, we have reviewed the entire record for any further meritorious grounds for appeal and have found none. Accordingly, we deny Britt's motion for new counsel and affirm the district court's judgment. This court requires that counsel inform Britt, in writing, of his right to petition the Supreme Court of the United States for further review. If Britt requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Britt. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED